**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARCUS ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24-cv-08182 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Based on the Court's review pursuant to 28 U.S.C. § 1915(e), Plaintiff's complaint is dismissed for lack of subject-matter jurisdiction. The dismissal is without prejudice to Plaintiff seeking whatever additional review or relief may be available to him in state court. The Court further notes that even if this action were properly before this Court, Plaintiff's *in forma pauperis* application is incomplete and would have to be resubmitted. As it stands, Plaintiff's application for leave to proceed *in forma pauperis* [4] is terminated as moot. The Clerk is directed to enter a separate judgment on form AO 450. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Marcus Adams has filed the present action *pro se*. He seeks to proceed *in forma pauperis*. (Dkt. No. 4.) His application is incomplete, however, as it does not fully answer Question (1). Specifically, while Adams states that he is not currently employed, he fails to provide the required information concerning his last date of employment and his last monthly take-home pay. As a result, the application to proceed *in forma pauperis* cannot be granted in its current form. But the Court puts aside for present purposes the deficiencies in his *in forma pauperis* application, as Adams's complaint must be dismissed on review pursuant to 28 U.S.C. § 1915(e).

Under § 1915(e), the Court must dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* when it is clear from the face of the complaint that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Here, Adams's complaint asserts claims pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated by orders issued by the state court overseeing his ongoing child custody proceedings. However, this Court does not have the authority to modify or invalidate orders in that proceeding, and therefore it must dismiss Adams's complaint for lack of subject-matter jurisdiction.

Because his complaint asserts claims under federal law—namely, § 1983—Adams has invoked the Court's federal-question jurisdiction under 28 U.S.C. § 1331. Under the domestic-relations exception to federal jurisdiction, however, divorce, alimony, and child-custody decrees are considered outside the bounds of federal jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). The domestic-relations exception stems from the Supreme Court's long-held understanding that the subject of domestic relations belongs to the laws of the States. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The Supreme Court has noted that this understanding is supported by "sound policy considerations," as state courts are more adept at handling issues that arise from domestic-relations decrees due to their close association with relevant state and local government organizations and their special proficiency in handling such issues. *Id.* at 703–04.

The domestic-relations exception covers cases involving "the issuance of a divorce, alimony, or child custody decree." *Id.* at 703. This includes challenges seeking to invalidate or modify orders entered by state courts in domestic-relations cases. *Sheetz v. Norwood*, 608 F. App'x 401, 404 (7th Cir. 2015) ("The defendants are correct that the domestic-relations exceptions would bar [the plaintiff] from seeking to 'void' the state court's custody orders.");[1] *Woolsey v. Woolsey,* No. 2:22-CV-12-TLS-APR, 2022 WL 326558, at *2 (N.D. Ind. Feb. 3, 2022) ("The Court lacks subject[-matter] jurisdiction over the Plaintiff's motion because the motion seeks the modification of a divorce and custody judgment."). Here, Adams's complaint revolves entirely around his issues with the various orders entered in ongoing child-custody proceedings, and all his claims would require this Court to review the merits of those orders, thus placing the claims squarely within the domestic-relations exception. *See, e.g.*, *Bordelais v. Bordelais*, Nos. 1:19-CV-08140, 1:19-CV-08350, 2020 WL 12990972, at *1 (N.D. Ill. Nov. 30, 2020) (holding that the plaintiff's claim for damages was precluded by the domestic-relations exception because it arose "directly out of the alleged failure to grant unsupervised visitation; absent the validity of that order, there are no damages").

Even if the Court had subject-matter jurisdiction, Adams's complaint would still fail. First, the sole named Defendant is Cook County. But the fact that the orders to which Adams objects were issued by a Cook County court does not make Cook County the proper Defendant. A local government like Cook County is "answerable only for [its] own decisions and policies; [it is] not vicariously liable for the constitutional torts of [its] agents." *Lowery v. Cook County*, No. 00 C 5487, 2001 WL 185024, at *3 (N.D. Ill. Feb. 22, 2001) (quoting *Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir. 1992)). Rather, a § 1983 claim must be asserted against the individual who "was 'personally responsible for the deprivation of a constitutional right' because 'he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent.'" *Blossom v. Dart*, 64 F. Supp. 3d 1158, 1162 (N.D. Ill. 2014) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)).

Adams's complaint alleges that his constitutional rights were violated by misconduct on the part of the judge presiding over his custody proceeding, as well as the child representative

---

[1] *Sheetz* is an unpublished Seventh Circuit order issued after January 1, 2007. Although not precedential, the order's reasoning is persuasive and demonstrates the Seventh Circuit's application of the domestic relations exception to circumstances similar to those presented here. *See* Fed. R. App. P. 32.1(a); 7th Cir. R. 32.1(b).

assigned to his case. Even if Adams had named those two individuals as defendants, both are absolutely immune from claims for damages.

First, the presiding judge is covered by judicial immunity. Judicial immunity provides that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judicial immunity can only be overcome via two exceptions: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Neither of those exceptions apply to Adams's allegations. Second, the Seventh Circuit has held "that child representatives in Illinois are entitled to absolute immunity." *Golden v. Helen Sigman & Assocs., Ltd.*, 611 F.3d 356, 361 (7th Cir. 2010). "They are arms of the court . . . and deserve protection from harassment by disappointed litigants, just as judges do." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). Accordingly, any claim Adams might assert against either the judge or the child representative would necessarily fail because both are entitled to absolute immunity.

In sum, the Court must dismiss Adams's complaint without prejudice for lack of subject-matter jurisdiction. Although the dismissal is without prejudice, Adams is advised that the Court's "jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). To the extent that any claim is within this Court's jurisdiction, it would still be dismissed because any properly named Defendant would be absolutely immune.

Dated: December 30, 2024

_____
Andrea R. Wood
United States District Judge